IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KWANA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-9692 |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

**NOW COMES** the plaintiff, KWANA JOHNSON, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, and complaining of the defendant states as follows:

### I. INTRODUCTION

1. This is a personal injury action seeking monetary damages on behalf of the plaintiff for injuries sustained in a motor vehicle accident on July 19, 2013. That accident involved a UNITED STATES POSTAL SERVICE vehicle operated by Sheena Johnson. This is a suit against the UNITED STATES POSTAL SERVICE under the Federal Tort Claims Act seeking monetary damages and is not subject to any exceptions contained in 28 U.S.C. § 2680.[1]

### II. PARTIES

**A.   Plaintiff**

2. KWANA JOHNSON is a citizen of the State of Illinois and resides in Cook County.

---

[1] "One of the principal purposes of the Federal Tort Claims Act was to waive the Government's immunity from liability for injuries resulting from auto accidents in which employees of the Postal System were at fault." *Kosak v. United States*, 465 U.S. 848, 855 (1984).

**B.     Defendant**

3.     UNITED STATES POSTAL SERVICE, under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.,* is "an independent establishment of the executive branch of the Government of the United States". 39 U.S.C. § 201. Under the Postal Reorganization Act, the Federal Tort Claims Act ("FTCA") applies to "tort claims arising out of [United States Postal Service] activities." 39 U.S.C. § 409(c).

### III. JURISDICTION

4.     The court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the UNITED STATES POSTAL SERVICE for personal injury caused by the negligent act of a government employee while acting within the scope of her employment. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

### IV. VENUE

5.     Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1402(b) because the act or omission in the complaint occurred in this district.

### V. CONDITION PRECEDENT

6.     On February 10, 2014, the plaintiff served an administrative claim with the UNITED STATES POSTAL SERVICE related to the accident. In a letter dated June 8, 2015, the UNITED STATES POSTAL SERVICE denied this claim.

### VI. VICARIOUS LIABILITY

7.     Whenever in this petition it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with

the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

### VII. FACTS

8. On and before July 19, 2013, and at all times material, the UNITED STATES POSTAL SERVICE employed various individuals that acted as its actual and/or apparent agents and/or employees relative its use and operation of its vehicles.

9. On and before July 19, 2013, and at all times material, the UNITED STATES POSTAL SERVICE employed various individuals that were deemed to be employees of the UNITED STATES POSTAL SERVICE pursuant to 42 U.S.C. § 233, for purposes of the Federal Tort Claims Act.

10. On July 6, 2015, at or near 12:30 p.m., the plaintiff was traveling southbound on South Racine Avenue in Chicago, Illinois and approaching the intersection of West 78th Street.

11. Plaintiff moved as close as practical to the right-hand curb or edge of the roadway in order to turn right onto West 78th Street.

12. At aforementioned time and place, the defendant was, also traveling northbound on South Racine Avenue in Chicago, Illinois (behind the plaintiff) and approaching the intersection of West 78th Street.

13. Defendant passed along the driver's side of the plaintiff's vehicle and, then, made a right turn directly into driver's side of the plaintiff's vehicle, thus, causing their respective vehicles to collide.

14. Prior to the accident, the defendant, on her approach for a right turn, had not moved her vehicle to be as close as practical to the right-hand curb or edge of the roadway in order to turn right onto West 78th Street.

15. That at all times relevant herein, KWANA JOHNSON was in the exercise of due care and caution for her safety and well-being.

## COUNT I
### (FTCA – UNITED STATES POSTAL SERVICE)

16. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 15.

17. Under the Federal Tort Claims Act, the UNITED STATES POSTAL SERVICE is liable for the above-described actions of the federal employees, as they were acting within the scope of their employment.

18. At all times material hereto, it was the duty of the defendant to exercise ordinary care and caution for the safety of others on or about said roadway, particularly towards the plaintiff, KWANA JOHNSON.

19. At the time and place aforesaid, the defendant then and there carelessly, negligently, wrongfully and unlawfully operated and maintained said motor vehicle so as a direct and proximate result thereof said motor vehicle did collide with the vehicle operated by the plaintiff.

20. At the time and place aforesaid the defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Failed to maintain a proper lockout;

    (b) Failed to timely apply brakes;

    (c) Driving her vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances;

    (d) Operated the motor vehicle at an excessive rate of speed given the prevailing traffic;

    (e) Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle when danger of hitting the another vehicle was obvious;

    (f) Unnecessarily traveled at a speed that was greater than reasonable and proper with regard to the traffic conditions and the use of the highway, thereby endangering the safety of persons and property, in violation of 625 ILCS 5/11-601, which is negligence *per se*;

    (g) Failed to decrease her speed so as to avoid colliding with any person or vehicle on the highway in compliance with legal requirements and the duty of all persons to use due care, in violation of 625 ILCS 5/11-601, which is negligence *per se*;

    (h) Failed to move her care as close as practical to the right-hand curb or edge of the roadway before attempting to turn right at the intersection, in violation of 625 ILCS 5/11-801, which is negligence *per se*;

    (i) Operated her vehicle with a willful or wanton disregard for the safety of persons or property, in violation of 625 ILCS 5/11-503, which is negligence *per se*.

21. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, KWANA JOHNSON suffered significant and permanent injuries.

**WHEREFORE** the plaintiff, KWANA JOHNSON, prays this court for damages according to proof and for such other and further relief as this Court deems just.

Respectfully submitted,

MUSLIN & SANDBERG

By: /s/Craig M. Sandberg
CRAIG M. SANDBERG
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249

Dated: October 29, 2015